UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LASHANA HARRIS — PLAINTIFF

V. — CIVIL ACTION NO. 3:26-CV-528-DPJ-ASH

DR. MICHAEL LIVINGSTON, MD,
FAMILY HEALTH CARE CLINIC, INC.,
AND BAPTIST MEMORIAL HOSPITAL — DEFENDANTS

# ORDER

Plaintiff Lashana Harris filed this lawsuit in state court against Dr. Michael Livingston, Family Health Care Clinic, Inc., and Baptist Memorial Hospital, advancing claims of medical negligence. Compl. [1-1] at 8, 12–13 (State Ct. R.). Family Health Care Clinic removed the case to this Court on July 20, 2026, under 42 U.S.C. § 233(c), asserting that "it has been deemed by the Department of Health and Human Services to be an employee of the Public Health Service." Notice [1] at 2.

On July 27, 2026, Family Health Care Clinic moved to dismiss, or in the alternative for summary judgment, based on lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim. Mot. [4]. Then, on August 26, 2026, Dr. Michael Livingston moved for summary judgment. Mot. [9]. When Plaintiff failed to respond to either order, the Court entered an Order to Show Cause, directing Plaintiff to: (1) show cause why Defendants' motions [4, 9] should not be granted and (2) file responses in opposition to the motions [4, 9] within 10 days. Order [11] at 2 (entered Sept. 24, 2026). The Court warned that "[f]ailure to respond will result in the Court granting Defendants' motions without further notice." *Id.* Plaintiff has not responded, and the time to do so has passed.

I. Factual Background

On August 15, 2023, Dr. Livingston performed a c-section on Plaintiff at Baptist Memorial Hospital. Compl. [1-1] at 10. On October 10, 2023, Plaintiff visited Family Health Care Clinic and complained to Dr. Livingston that she was experiencing abdominal pain and vaginal bleeding. *Id.* at 10–11. A few days later, Plaintiff returned to Baptist to undergo surgery to excise a "prolapsed fibroid" and a dilation and curettage (D&C). *Id.* at 11. According to Plaintiff, the "post-op diagnosis was 'irregular uterine bleeding and suspect retained placenta.'" *Id.* (unaltered).

Based on these allegations, Harris asserts a claim of medical negligence against Dr. Livingston. *Id.* at 12 (Count One). She believes he breached his duty as a healthcare provider "by failing to properly manage the third stage of labor and failure to recognize the signs of retained placenta." *Id.* She also asserts claims of "Res [Ipsa] Loquitor/Negligent Entrustment" against Baptist (Count Two) and Family Health Care Clinic (Count Three). *Id.* at 12–13.

II. Analysis

***Family Health Care Clinic.*** Family Health Care Clinic moves to dismiss, arguing that: (1) because it is "an employee of the Public Health Service" the claims fall under the Federal Tort Claims Act (FTCA) and must be dismissed, Mem. [5] at 9; (2) the United States should be substituted as the proper defendant, *id.* at 9–10; (3) Plaintiff has not exhausted her FTCA claims, *id.* at 10; (4) the United States has not waived sovereign immunity, *id.* at 12; (5) Plaintiff fails to state a claim for res ipsa loquitor or negligent entrustment, *id.* at 16; and (6) Plaintiff has failed to perfect service under Rule 4(i)(2), *id.* at 18.

The Court has reviewed the motion, the memorandum, and the relevant authorities and concludes that the unopposed motion to dismiss [4] should be granted.

***Dr. Michael Livingston***. Dr. Livingston moves for summary judgment and makes several points. For starters, he submits that the pathology report for the tissue removed during the D&C did not indicate the presence of retained placenta but confirmed that the tissue was "ischemic prolapsed fibroid leiomyoma." Mem. [10] at 1–2 (citing Report [9-1] at 5). Additionally, the pathology report from the delivery indicates "the placenta had 'complete cotyledons.'" *Id.* (citing Report [9-1] at 3). So, he reasons that "Plaintiff's claim is factually incorrect." *Id.* at 1.

Dr. Livingston also points out that under Mississippi law, Harris must first consult an expert "who provides reasonable cause to believe that negligence has occurred." *Id.* at 3 (citing Miss. Code Ann. § 11-1-58(1)). But Harris did not attach the expert-consultation certificate to her Complaint. *See* Miss. Code Ann. § 11-1-58(1) (noting "the complaint shall be accompanied by a certificate").[1] Finally, Dr. Livington offers his own affidavit, as well as the affidavit of Dr. Paul Rice, stating there was no breach of the standard of care. *See* Affs. [9-3, 9-4].

In sum, Dr. Livingston has presented undisputed facts indicating that summary judgment is appropriate. The unopposed motion [9] is granted; the claims against Dr. Livingston are dismissed with prejudice. *See Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 628 (5th Cir. 2021) (finding that failure to respond to summary-judgment motion constitutes abandonment); *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment when non-movant failed to respond).

***Supplemental Jurisdiction.*** This leaves Plaintiff's claim for "Res [Ipsa] Loquitor/Negligent Entrustment" against Defendant Baptist Memorial Hospital. Compl. [1-1] at

[1] In her motion to withdraw as counsel, Plaintiff's counsel said she was unable to "sustain the expenses of an expert to continue the case." Mot. [7]; *see* Order [8] (denying without prejudice motion to withdraw).

12 (Count Two). For the reasons explained, the Court declines to exercise supplemental jurisdiction over this claim; it is remanded to state court.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims." But under § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"[T]he exercise of supplemental jurisdiction is up to the sound discretion of the district court." *John Gannon, Inc. v. Tex. Dep't of Transp.*, 178 F.4th 906, 911–12 (5th Cir. 2026) (citation omitted). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see John Gannon, Inc.*, 178 F.4th at 912 (quoting *Brookshire* and finding dismissal of state-law claims was warranted).

Here, the Court has dismissed the claims against the federal government which formed the basis for removal under 42 U.S.C. § 233(c). Notice [1] at 2. Remand is also appropriate because the case is in its early stages; no discovery has taken place. *See Hamilton v. City of Lott*, No. 23-50498, 2023 WL 8666040, at *2 (5th Cir. Dec. 15, 2023) (finding abuse of discretion where district court retained supplemental jurisdiction over state-law claim and citing fact that

"no answer has been filed, no discovery has been conducted, and no scheduling order has been entered"). And the only remaining claim falls under state law. *See Frye v. Cowman*, No. 1:24-CV-260-HSO-BWR, 2025 WL 2723427, at *4 (S.D. Miss. Sept. 24, 2025) (declining to exercise supplemental jurisdiction after dismissal of the "sole federal claim").

For these reasons, the Court declines to exercise supplemental jurisdiction over Count Two, even though it exercised supplemental jurisdiction when dismissing the claims against Dr. Livingston. *See Mueller v. Walmart Corp.*, No. 23-12854, 2026 WL 2727717, at *6 (11th Cir. Sept. 16, 2026) (holding "§ 1367(c) does not entail any per se prohibition that disables a district court from exercising supplemental jurisdiction over some claims while declining jurisdiction over others").[2] The Court finds, in the exercise of its discretion, that the claim against Baptist Memorial Hospital should be remanded.

---

[2] In *Mueller*, the plaintiff abandoned his two federal claims, leaving seven state-law claims. 2026 WL 2727717, at *4. The district court exercised supplemental jurisdiction over several state-law claims and granted summary judgment, while declining supplemental jurisdiction over others. *Id.* at *2; *see id.* at *4, *id.* at *9. The plaintiff appealed, arguing "this 'split exercise of jurisdiction' was a per se abuse of discretion.'" *Id.* at *4. The Eleventh Circuit Court of Appeals affirmed the district court, explaining that "supplemental jurisdiction is very much a 'doctrine of flexibility.'" *Id.* And the court noted "that in rejecting an all-or-nothing approach and permitting district courts to make supplemental-jurisdiction determinations on a claim-by-claim basis, we follow the unanimous consensus of our sister circuits that have addressed the issue." *Id.* at *6 (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172 (3d Cir. 1999); *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 256–57 (6th Cir. 1994); *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009)); *see Williamson v. Brady*, No. 6:19-CV-00324, 2021 WL 2491800, at *8 (E.D. Tex. May 28, 2021), *report and recommendation adopted*, No. 6:19-CV-00324, 2021 WL 2482552 (E.D. Tex. June 17, 2021) (noting a court may exercise supplemental jurisdiction over some state-law claims but not others and citing *Southerland*). Here, the Court granted Dr. Livingston's summary-judgment motion because it was meritorious and because Plaintiff responded to neither his motion nor the Court's show-cause order. Forcing Dr. Livingston to defend in state court therefore seemed inequitable. But Baptist Memorial Hospital has no pending motions, and the Court declines to consider the claims against it sua sponte.

## III. Conclusion

The Court has considered all arguments raised; those not specifically addressed would not have changed the result. The Court finds the motion to dismiss [4] and the motion for summary judgment [9] should be granted. Plaintiff's claims against Dr. Livingston are dismissed with prejudice; Plaintiff's claims against Family Healthcare Clinic are dismissed without prejudice. Plaintiff's claims against Defendant Baptist Memorial Hospital are remanded to Hinds County Circuit Court.

A separate judgment will be entered as required by Rule 58.

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE